JS 44 (Rev 08/18)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** WILLIAM NEVEIL

**DEFENDANTS** CITY OF Philadelphia, AMY A. NADER, JOSEPH

**(b)** County of Residence of First Listed Plaintiff PHILA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

610-896-6360

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J. O'Brien III, Esq.
P.O. Box 99
WYNNEWOOD PA. 19096

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                      and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | ☐ 891 Agricultural Acts |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | or Defendant) | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
FIRST AMENDMENT
Brief description of cause:
PLAINTIFF FIRED BY CITY IN VIOLATION OF First Amendment

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ NONE
At This Time

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE 12/18/18

SIGNATURE OF ATTORNEY OF RECORD                                # 26110

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

DEC 18 2018

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation - Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

DEC 18 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18   5459**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3211 Danley Road Philadelphia, PA 19154

Address of Defendant: 668 City Hall Philadelphia, PA 19107

Place of Accident, Incident or Transaction: 668 City Hall Philadelphia, PA 19107

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions·

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 12/18/18   _____   # 26110
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:·*

- ☐ 1 Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3 Jones Act-Personal Injury
- ☐ 4 Antitrust
- ☐ 5 Patent
- ☐ 6 Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8 Habeas Corpus
- ☐ 9 Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify)* __ First Amendment

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, John J. O'Brien III , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE 12/18/18   _____   # 26110
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

**DEC 18 2018**

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

William Neveil    v.    Amy A. Mader
and
Joseph Evers
and
City of Philadelphia

CIVIL ACTION

**18    5459**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management · Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)



| 12/18/18 | John J O'Brien III | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-896-6360 | 610-896-8359 | lawobrien@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 18 2018

O'BRIEN and O'BRIEN, LLP
BY: John O'Brien, Esquire
Identification No. 26110
P.O. Box 96
Wynnewood, PA 19096
(610)-896-6360 _____   _____   ATTORNEY FOR PLAINTIFF _____

| | | |
|---|---|---|
| WILLIAM NEVEIL | : | UNITED STATES DISTRICT |
| 3211 Danley Road | : | COURT FOR THE EASTERN |
| Philadelphia, PA 19154 | : | DISTRICT OF PENNSYLVANIA |

**18      5459**

v.                                    :

                                      : No. _____

AMY A. MADER                          :
Director of Human Resources          :
Office of Human Resources            :
668 City Hall                        : JURY TRIAL DEMANDED
Philadelphia, PA 19107               :

        and                          :

JOSEPH EVERS                         :
Court Administrator                  :
236 City Hall                        :
Philadelphia, PA 19107               :

        and                          :

CITY OF PHILADELPHIA                 :
236 City Hall                        :
Philadelphia, PA 19107               :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :

_____  :  _____

## **COMPLAINT – CIVIL ACTION**

## PARTIES

1.     The plaintiff is William Neveil, an adult individual, who at all times material herein was an employee of the City of Philadelphia. Mr. Neveil's address is indicated in the caption.

2.     A defendant is Amy A. Mader, an adult individual, whose address is indicated in the caption. At all times material herein, Ms. Mader was the Director of Human Resources for the City of Philadelphia. A termination letter sent by Ms. Mader to Mr. Neveil, dated 05/18/18, is attached and incorporated herein, as Exhibit A.

3.     A defendant is Joseph Evers, an adult individual whose address is indicated in the caption. At all times material herein, Mr. Evers was the Court Administrator for the City of Philadelphia.

4.     A defendant is the City of Philadelphia, a municipal or governmental entity, whose address is indicated in the caption. At all times material herein, plaintiff William Neveil was employed by the City of Philadelphia, as a Judicial Aid, to the Honorable J. Scott O'Keefe.

## JURISDICTION

5.     The Court has jurisdiction under the First Amendment of the United States Constitution, and also has jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, with pendent jurisdiction to consider any claims arising under state law.

## VENUE

6.     Venue is properly before the Court, since all defendants are located or conduct business in the Eastern District of Pennsylvania, and the underlying transaction which forms the basis of the complaint, occurred in the District.

## SUMMARY

7.     This lawsuit arises out of the letter of 05/18/18, authored by Mader, and hand-delivered to William Neveil at his home. Essentially, the letter states that Mr. Neveil was discharged from his position as an employee of the City of Philadelphia, because he allegedly engaged in "partisan political activity" on 5/15/18 outside of a polling place. This letter is attached and incorporated as Exhibit A. Little detail is given in the letter, including the factual basis for the termination, or the identity of any witnesses from the City. This lawsuit is for violating the rights of plaintiff under Due Process and the First Amendment, as well as plaintiff's civil rights generally, with pendent state claims.

## GENERAL ALLEGATIONS

8.     Mr. Neveil was terminated without prior warning or notice, and without progressive discipline.

9.     The letter from Ms. Mader (Exhibit A) does not identify the investigator referenced in the letter, or the nature of the so called "partisan political activity" which plaintiff is alleged to have committed, or how Mr. Neveil's conduct was outside the ambit of the First Amendment.

10.    It is averred that the dismissal of Mr. Neveil from his City employment was illegal, in violation of the First Amendment, involved unconstitutionally vague rules and regulations, and was without due process. It also violated 42 U.S.C. § 1983 of the Civil Rights Act.

11.    William Neveil worked as a Judicial Aid for the Honorable J. Scott O'Keefe from approximately 02/02/16 to 05/08/18, when he received the termination letter from defendant Mader.

12.   Mr. Neveil received the hand-delivered termination letter signed by Ms. Mader while he was on vacation.

13.   The letter from Ms. Mader detailing the alleged "charges" was vague, overbroad, and failed to give sufficient information to Mr. Neveil, so that he can formulate a meaningful defense to the allegations.

14.   Ms. Mader's letter refers to a policy violation that is considered "egregious in nature," but supplies no details as to the specific nature of the alleged violation or why it is considered to be "egregious."

15.   On 07/05/18, a letter by Mr. Neveil's Counsel was sent a letter to Director Amy Mader requesting a Hearing on the allegations made in her letter against Mr. Neveil.

16.   No Hearing or Factual Discovery has ever been provided by the City of Philadelphia, except for the Mader letter. *See* Exhibit A.

17.   Mr. Neveil first received notice of his termination, on or about 05/17/18 when Judge J. Scott O'Keefe, for whom he had worked, called plaintiff and informed him that he was told by Administrative Judge Jacqueline Allen to discharge Mr. Neveil.

18.   Shortly after Mr. Neveil received the termination letter from Ms. Mader, he spoke to her on the telephone, and she indicated to him that there was no appeal of his termination.

19.   On information and belief, Mr. Neveil was discharged for political reasons, in retaliation against his father-in-law, Michael McAleer, a longtime ward leader in Philadelphia.

20.   Mr. Neveil never received an unfavorable evaluation during his time as an employee with the City of Philadelphia.

21. On 07/16/18, Ms. Mader wrote to plaintiff's counsel requesting a written explanation of the reasons for Plaintiff's Appeal to the District Court Administrator, Joseph Evers. It was further indicated that Mr. Evers would review the information and determine if a Hearing would be held. A true and correct copy of this letter is attached and incorporated as Exhibit B.

22. In response to the 07/16/18 letter of Ms. Mader, plaintiff's counsel sent a letter of 08/13/18 to the City indicating what evidence was needed to fully respond to Mr. Evers' request.

23. No Hearing was afforded by the City, or any further Discovery or evidence concerning the nature of Mr. Neveil's firing, including the identity of the so-called "investigator," or what evidence, including any photographs, that the anonymous investigator obtained.

24. The actions of the City of Philadelphia and its administrative employees and policymakers, Amy Mader and Joseph Evers, violated the Constitutional Rights of Plaintiff as heretofore specified.

25. It should be noted that at no time does the City or its administrators or employees allege that Mr. Neveil was inside any polling place distributing any political material, or that he interfered with the conduct of the election. Mr. Neveil never received a warning or was requested to cease and desist his actions at the polling place.

26. Mr. Evers sent a letter to Mr. Neveil's counsel on 09/10/18 indicating that plaintiff was terminated for violating the City's Judicial Code of Conduct. This letter alleged that plaintiff engaged in "partisan political activity" by "handing out information to voters as they entered the polling place." A true and correct copy of this letter is attached and incorporated as Exhibit C.

27.   The letter by Mr. Evers further indicates that "both President Sheila Woods-Skipper and Judge O'Keefe directed, and were in agreement with, the termination of Mr. Neveil." (In Mr. Evers' letter, the Honorable J. Scott O'Keefe is mistakenly designated as Judge Scott J. O'Keefe.)

28.   Finally, Defendant Evers indicated in this letter that the termination of plaintiff was a final decision, which would not be reconsidered.

**29.**   A copy of the Order from the Supreme Court of Pennsylvania, **vacating** their prior Order, dated November 24, 1998, No. 201 Judicial Administration Docket No. 1, is attached and incorporated as Exhibit D. This Order by the Supreme Court of Pennsylvania, dated August 8, 2018, revoked the Order under which Mr. Neveil was discharged. It is argued this because the prior Order, under which plaintiff was discharged, was unconstitutional under the United States and Pennsylvania Constitutions.

## FIRST CAUSE OF ACTION

30.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

31.   This cause of action is against defendant Amy Mader, the Director of Human Resources for the City of Philadelphia, for violation of the Constitutional Rights of Plaintiff, including his First Amendment Right of Free Expression, Due Process, and Civil Rights, and any pendent state claims that are heretofore specified.

32.   It is a violation of the law to discharge a governmental employee for conduct protected by the First Amendment of the United States *Baldassare v New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001). Ms. Mader illegally discharged plaintiff or authorized such discharge.

33.   Ms. Mader's dismissal of Mr. Neveil was in violation of a constitutionally protected expression of his First Amendment Rights under the United

States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983, and constituted policy and procedure of the City of Philadelphia.

34.   Defendants' policies are unconstitutionally vague and/or overbroad, as applied to Mr. Neveil, *inter alia*, because they do not specify, with any reasonable particularity, what alleged illegal conduct Mr. Neveil engaged in, the nature of his "partisan political activity," and why such action was not protected by the First Amendment.

35.   The Procedural Due Process Rights of plaintiff were violated, *inter alia*, because he was denied a Hearing on his termination, as well as access to the evidence against him, and the City had no enumerated standards, rules, or regulations for the summary discharge of an employee with a colorable First Amendment claim. Discharging plaintiff, based on an anonymous source, also violates his right to due process.

36.   As a result of defendant's illegal actions, plaintiff suffered violation of his civil rights, emotional distress, embarrassment, humiliation, defamation, and false light portrayal.

37.   Plaintiff suffered loss of his salary and benefits, and Defendant's actions will result in loss of plaintiff's earnings and earning capacity.

WHEREFORE, plaintiffs request damages from defendants for violation of his civil rights, in an amount in excess of $150,000, plus interest, costs, attorney's fees, injunctive relief, and any other applicable relief by the Court. Plaintiff also requests expungement of this incident from all of Plaintiff's records with the City of Philadelphia.

## SECOND CAUSE OF ACTION

38.   Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

39.   This cause of action is against defendant Joseph Evers, the Civil Court Administrator for the City of Philadelphia, for violation of the Constitutional Rights of Plaintiff, including his First Amendment Right of Free Expression, Due Process, and Civil Rights, and any pendent state claims are heretofore specified.

40.   It is a violation of the law to discharge a governmental employee for conduct protected by the First Amendment of the United States. Mr. Evers illegally discharged or authorized the discharge of the plaintiff.

41.   Ms. Evers's dismissal of Mr. Neveil was in violation of a constitutionally protected expression of his First Amendment Rights under the United States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983.

42.   Defendant's policies are unconstitutionally vague and/or overbroad, both on their face and applied to Mr. Neveil, *inter alia*, because they do not specify with any reasonable particularity to what illegal conduct Mr. Neveil engaged in, which was a violation of their City policy, and not protected by the First Amendment.

43.   As a result of defendant's illegal actions, plaintiff suffered violation of his civil rights, emotional distress, embarrassment, humiliation, defamation, and false light portrayal.

44.   Plaintiff suffered loss of his salary and benefits and Defendant's actions will result in loss of Plaintiff's earnings and earning capacity.

WHEREFORE, plaintiffs request damages from defendants for violation of his civil rights, in an amount in excess of $150,000, plus interest, costs, attorney's fees, injunctive relief, and any other applicable relief by the Court. Plaintiff also requests expungement of this incident from all of Plaintiff's records with the City of Philadelphia.

## THIRD CAUSE OF ACTION

45.   Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

46.   This Cause of Action is against the City of Philadelphia for violation of the Constitutional Rights of Plaintiff, including his First Amendment Right of Freedom of Expression, Due Process, Civil Rights, and any pendent State Claims, as heretofore specified.

47.   It is a violation of the law to discharge a governmental employee for conduct protected by the First Amendment of the United States. Plaintiff was illegally discharged due to the policy, procedure and regulations of the City of Philadelphia.

48.   The City of Philadelphia's dismissal of Mr. Neveil was in violation of a constitutionally protected expression of his First Amendment Rights under the United States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983.

49.   Defendant's policies were unconstitutionally vague and/or overbroad, both on their face and applied to Mr. Neveil, *inter alia*, because they do not specify with any reasonable particularity as to what illegal conduct Mr. Neveil engaged in, which was a violation of their City policy, and not protected by the First Amendment.

50.   At all times material herein, Defendants Mader and Evers were managerial employees and policymakers of the City of Philadelphia and they acted pursuant to the policy of the City in effectuating the discharge of Mr. Neveil for illegal and political reasons, in violation of the Constitutions of the United States and the Commonwealth of Pennsylvania.

51.   As a result of defendant's illegal actions, plaintiff suffered violation of his civil rights, emotional distress, embarrassment, humiliation, defamation, and false light portrayal.

52    Plaintiff suffered loss of his salary and benefits, and Defendants' actions have and will result in loss of Plaintiff's earnings and earning capacity.

WHEREFORE, plaintiffs request damages from defendants for violation of his civil rights, in an amount in excess of $150,000, plus interest, costs, attorney's fees, injunctive relief, and any other applicable relief by the Court. Plaintiff also requests expungement of this incident from all of Plaintiff's records with the City of Philadelphia.

Date 12/16/18

John P. O'Brien III, Esq.
I.D. No. 26110
P.O. Box 96
Wynnewood, PA 19096

# EXHIBIT A



First Judicial District of Pennsylvania
Office of Human Resources
668 City Hall
Philadelphia, PA 19107
**Joseph H. Evers**                  (215) 683-6950                  **Amy A. Mader**
District Court Administrator          Fax (215) 683-6952              Executive Director
E-Mail:HR@COURTS.PHILA.GOV

May 18, 2018

*Via hand-delivery*

William Neveil
3211 Danley road
Philadelphia, PA 19154

Re: Employment status

Dear Mr. Neveil,

On May 15, 2018 the Office of Human Resources was notified that you were working at the
election polls located at the Junod Recreation Center in Northeast Philadelphia. An investigator
was sent to the location where he witnessed and documented you handing out information to
voters as they entered the facility. The Unified Judicial System (UJS) Code of Conduct
specifically states that "Court-appointed employees shall not be involved in any form of partisan
political activity." A copy of the policy is attached.

As a result of the violation of the UJS Code of Conduct, you are hereby being terminated from
employment with the First Judicial District of Pennsylvania. This policy violation is considered
to be egregious in nature and therefore progressive discipline is bypassed.

Thank you,

*Amy a. Mader*

Amy A. Mader
Executive Director

cc:    Martha Fisher, Esquire, Counsel for Human Resources
       Honorable Scott J. O'Keefe, Court of Common Pleas, Trial Division - Criminal
       Honorable Jacqueline F. Allen, Administrative Judge, Trial Division





*Supreme Court of Pennsylvania*

## Code of Conduct For Employees of the Unified Judicial System

### I.   INTRODUCTION

A fair and independent court system is essential to the administration of justice.  Proper conduct by employees of the Unified Judicial System of Pennsylvania (UJS) inspires public confidence and trust in the courts, and conveys the values of impartiality and fairness that promote the integrity of the work of the Unified Judicial System.

An employee of the Unified Judicial System shall observe high standards of conduct so that the integrity and independence of the judiciary are preserved and the employee's conduct reflects a commitment to serving the public.  The provisions of this Code shall be applied to further these objectives.

Employees of the Unified Judicial System shall observe the following standards of conduct. However, the standards of this Code shall not affect or preclude other more stringent standards required by law, by court order or rule, or other workplace policies.

### II.   SCOPE

For the purposes of this Code, the term "Employees of the Unified Judicial System" includes 1) all state-level court employees, and 2) all county-level court employees who are under the supervision and authority of the President Judge of a Judicial District of Pennsylvania, unless otherwise indicated by Supreme Court order or rule.

### III.   CONFIDENTIALITY

**A.**   Employees of the Unified Judicial System shall safeguard confidential information acquired in the course of their employment.  Employees shall not disclose or use confidential information for any purpose not connected with the performance of their official duties.

For the purpose of this section, "confidential information" is that required to be kept confidential pursuant to federal law, state law, court rule, court order, administrative regulation, policy or directive.   Confidential information includes, but is not limited to: data, source code, notes, papers, memoranda, discussions, deliberations, proprietary information and electronic communications, such as e-mail or facsimile

**B.**   The work product of former employees of the Unified Judicial System shall remain confidential.  Upon termination from employment, employees may, with the permission of their supervisor, take with them copies of written material in which they participated as a part of a personal file, but shall not release such writings to any other party without the written consent of the court or other court-related entity that the employee served. "Work product" does not include documents that are published or filed of public record

## IV.   CONFLICTS OF INTEREST AND RELATED PROHIBITIONS

**A.**   **Acceptance of Gifts and/or Use of Position for Personal Gain.**   Employees of the Unified Judicial System shall not solicit, accept or agree to accept anything of value from any person or entity doing or seeking to do business with, or having an interest in a matter before, the court or court-related entity by which they are employed, subject to the following exceptions·

   i.   acceptance of a gift from a family member when the circumstances make it clear that the purpose is personal;

   *Note. "Family member" is defined as spouse, child, brother, sister, parent, grandparent, grandchild, father-in-law, mother-in-law, sister-in-law, brother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepson, stepdaughter, uncle, aunt, niece, nephew and first cousin*

   ii.   acceptance of meals or refreshments of nominal value in the ordinary course of a meeting, conference or other official business;

   iii.   acceptance of loans from banks or other financial institutions on similar terms offered to the public for purposes such as a home mortgage;

   iv   acceptance of gifts of nominal value for special occasions such as marriage, illness or retirement;

   v.   acceptance of a plaque or other item offered as a token of appreciation for a public appearance,

   vi.   acceptance of educational materials directly related to the employee's duties; and

   vii.   acceptance of unsolicited advertising or promotional material of nominal value, such as pens, pencils, note pads, calendars and items of apparel with vendor logo.

   *Note: Employees must exercise diligence in observing high standards of conduct that promote the integrity and impartiality of the Unified Judicial System.  If it might reasonably be inferred that the donor's primary purpose in providing the unsolicited advertising or promotional material is to influence an employee in the performance of official duties, acceptance of the unsolicited material should be declined.*

Employees shall report any prohibited offer or gift from any person or entity doing or seeking to do business with, or having an interest in a matter before, the court or court-related entity by which they are employed to their designated supervisor

**B.**   **Acceptance of Additional Compensation.**   Employees of the Unified Judicial System are appropriately compensated for the performance of their duties and shall not solicit or accept any additional compensation or anything of value from any other source for performing the duties and responsibilities of their position.

Employees shall not accept honoraria or fees given for speaking in their official capacity, but may be reimbursed for related travel expenses. Employees may accept such fees for speaking engagements for appearances unrelated to their employment and made on their own time.

**C.**   **Special Treatment and/or Special Favors.**   Employees of the Unified Judicial System shall not permit family, social, or other relationships to influence their official conduct or judgment, or to create the appearance of influencing their official conduct. Employees shall inform their supervisor of any situation creating undue influence or the appearance of undue influence.

**D.**   **Employment Practices.**   Employees of the Unified Judicial System shall make all hiring, employment, and supervisory decisions in compliance with the Unified Judicial System of Pennsylvania Policy on Non-Discrimination and Equal Employment Opportunity, the Rules of Judicial Administration, and all applicable state and federal laws.   Employees of the Unified Judicial System shall avoid favoritism, or the appearance of favoritism, when making hiring, employment, and supervisory decisions and shall make such decisions impartially and on the basis of merit.

*Note: Reflecting the values of impartiality and fairness that promote the integrity of Pennsylvania's courts, it is the policy of the Unified Judicial System to recruit and employ the most qualified job applicants through an open and competitive hiring process which allows for a full, complete, and unbiased assessment of each applicant's relative knowledge, experience, skills, and abilities.*

**E.**   **Misuse of Employment Position, Equipment, or Supplies.**   Employees of the Unified Judicial System shall not use the resources, employees, property, facilities, equipment, time, or funds under their control to improperly benefit themselves or any other person.

**F.**   **Personal and Financial Interests.**   Employees of the Unified Judicial System shall not participate in any court- or work-related matter wherein they have more than a minimal personal or financial interest.

**G.**   **Duty to Disclose.**   If a conflict of interest should arise, the employee shall immediately advise his or her supervisor. If the supervisor determines that a conflict of interest exists, then the employee shall abide by any employment restrictions that are deemed to be necessary.

## V.   PARTISAN POLITICAL ACTIVITY

Employees of the Unified Judicial System shall comply with the prohibition against political activity as set forth in guidelines issued by the Supreme Court of Pennsylvania in its Order dated November 24, 1998 as follows.

### IN THE SUPREME COURT OF PENNSYLVANIA

IN RE:                                    : No. 201 Judicial Administration
PROHIBITED POLITICAL      : Docket No. 1
ACTIVITY BY COURT-          :
APPOINTED EMPLOYEES    :

### ORDER

**PER CURIAM**

**AND NOW,** this 24th day of November, 1998, the prohibition against political activity by court-appointed employees is hereby reaffirmed, and the attached guidelines, as amended this date, are intended to clarify the policy which was previously approved by this Court. These guidelines, as amended, shall be effective immediately.

Mr. Justice Castille files a dissenting statement which is joined by Mr Justice Nigro and Madame Justice Newman.

**Note:**
**New material is bolded.** Bracketed material is deleted.

GUIDELINES REGARDING POLITICAL
ACTIVITY BY COURT-APPOINTED EMPLOYEES
**AS AMENDED THIS 24th DAY OF NOVEMBER 1998**.

1. Definitions.

    (a) The term "partisan political activity" shall include, but is not limited to, running for public office, serving as a party committee-person, working at a polling place on Election Day, performing volunteer work in a political campaign, soliciting contributions for political campaigns, and soliciting contributions for a political action committee or organization, but shall not include involvement in non-partisan or public community organizations or professional groups.

    (b) The term "court-appointed employees" shall include, but is not limited to, all employees appointed to and who are employed in the court system, statewide and at the county level, employees of the Administrative Office of Pennsylvania Courts, Court Administrators and their employees and assistants, court clerks, secretaries, data processors, probation officers, and such other persons serving the judiciary.

2. Prohibition of Partisan Political Activity

    **(a)** Court-appointed employees shall not be involved in any form of partisan political activity

    **(b) This prohibition shall not apply to court-appointed employees who are duly sworn Court-appointed full-time masters and members of Board of Viewers, who are attorneys in good standing admitted to the practice of law in this Commonwealth, who may become**

candidates for higher judicial office. Said employees shall, during such candidacy, be subject to the provisions of the Code of Judicial Conduct and, particularly, Canon 7, which governs judicial campaigns.

3. Termination of Employment.

Except as provided in paragraph 2(b), above, h[H]enceforth, a court-appointed employee engaging in partisan political activity shall cease such partisan political activity at once or shall be terminated from his or her position In the event an employee chooses to become a candidate for any office, such employee shall be terminated, effective the close of business on the first day of circulating petitions for said office

4 President Judge.

The President Judge of each appellate court or county court of common pleas shall be responsible for the implementation of these guidelines and shall be subject to the review of the Judicial Inquiry and Review Board[1] for failure to enforce.

## DISSENTING STATEMENT

### MR. JUSTICE CASTILLE

I respectfully dissent to this amendment to the Guidelines regarding political activity by Court-appointed employees. I believe that allowing court-appointed employees to participate in elective partisan political activity presents, at a minimum, the appearance of impropriety. By not requiring court-appointed employees to resign their respective positions in order to campaign on a partisan basis, this amendment gives rise to the inescapable conclusion that the judicial system itself is involved in partisan electoral politics, thereby raising an appearance of bias. I believe that the better practice is to require the resignation of any court-appointed employee who wishes to seek elective office, as the Guidelines presently require

Mr. Justice Nigro and Madame Justice Newman join in this dissenting statement.

*Note: The guidelines (also found at 204 Pa. Code § 29 471 et seq. and on www pacourts.us) prohibit various forms of "partisan political activity" by "court appointed employees." Enforcement of the guidelines rests with the president judges of each appellate and common pleas court. Since the promulgation of these guidelines in 1987, the AOPC, upon request and consistent with the Rules of Judicial Administration, has provided non-binding advice regarding the applicability of the guidelines to specific fact situations  The AOPC's goal has been to provide consistency in interpretation. However, only the Pennsylvania Supreme Court can speak authoritatively on the scope of the guidelines*

---

[1] Now, the Judicial Conduct Board and Court of Judicial Discipline, as established by Article V, Section 18 of the Pennsylvania Constitution

## VI.  PERSONAL RELATIONSHIPS AND ACTIVITIES

A.   Employees of the Unified Judicial System may participate in civic and charitable activities that do not detract from the impartiality of the judiciary or interfere with the performance of their official duties or the functioning of the workplace. Employees may serve as officers, directors, trustees, or non-legal advisors of educational, religious, charitable, fraternal, social or civic organizations, and may solicit funds for any such organization, subject to the limitation that the name and prestige of the court shall not be used in the solicitation of funds and funds are not knowingly solicited from parties or attorneys who are likely to come before the court by which they are employed.

B.   Employees of the Unified Judicial System may write, lecture, teach, and speak on legal or non-legal subjects provided that such activities do not detract from the impartiality of the judiciary and/or interfere with the performance of their official duties.

C.   Employees of the Unified Judicial System shall not state personal opinions, except to other UJS employees, regarding any legal or administrative matter that is pending before any UJS court or entity when the personal opinion of the employee may reasonably be construed as representing the official position of the employee or the official position of a UJS court, jurist, entity or another employee.

   *Note: Rule 2.10 of the Code of Judicial Conduct provides in part, as follows  Rule 2.10.  Judicial Statements on Pending and Impending Cases.  (A) A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing  (B) A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.  (C) A judge shall require court staff, court officials, and others subject to the judge's direction and control to refrain from making statements that the judge would be prohibited from making by paragraphs (A) and (B).  See also Rule 2 10 of the Rules Governing Standards of Conduct of Magisterial District Judges.*

D.   Employees of the Unified Judicial System shall not require, request or accept the offer of any subordinate to perform tasks of a personal nature

E.   Employees of the Unified Judicial System shall not engage in financial or business dealings or in any other personal activities that may detract from the impartiality of the judiciary, may otherwise interfere with the performance of their official duties, or may exploit the employee's official position.

F.   Employees of the Unified Judicial System may engage in outside employment or commercial activity that does not interfere or conflict with their official duties. Outside employment or commercial activities must be reported in writing in advance to the employee's supervisor  Business transactions that are strictly personal, minor or incidental need not be reported.

   Before engaging in any outside employment that involves the practice of law, the legal system or the administration of justice, the employee shall first consult with his or her supervisor to determine whether the proposed position is consistent with the standards in this Code.

   *Note. The Supreme Court has adopted several specific policies respecting the practice of law, other than on behalf of the UJS·  (1) Pennsylvania Rule of Appellate Procedure 3121 prohibits the practice of law by appellate court staff except in limited circumstances.  (2) Pursuant to the*

*Supreme Court's Per Curiam Order dated December 11, 2014 (effective September 11, 2015), law clerks employed in the Unified Judicial System are prohibited from appearing as counsel in the division/section of the court in which they are employed or in which the judge by whom they are employed serves.  Further, in courts which have no formally established divisions or sections, law clerks are prohibited from appearing as counsel in the court itself.  (3) Pursuant to the Supreme Court's Per Curiam Order dated December 29, 2015 (effective January 1, 2017), an attorney employed in the Unified Judicial System is prohibited from appearing as counsel (except in a pro se capacity) in the division/section of the court in which the attorney is employed. Further, in courts that have no formally established divisions or sections, or for an attorney who is not employed within a division or section, the attorney is prohibited (except as to pro se matters) from appearing as counsel in the court itself.  (4) The Personnel Policies of the Unified Judicial System of Pennsylvania also provide restrictions on the practice of law by state-level staff.*

## VII.   WORKPLACE CONDUCT

A.   Employees of the Unified Judicial System shall conduct themselves in an appropriate and lawful manner at all times and shall adhere to all workplace policies including, but not limited to, the standards of workplace conduct outlined in Section VII.B below.

B.   Employees of the Unified Judicial System:

   i.    shall treat all persons respectfully and impartially;

   ii    shall work diligently at all times;

   iii.   shall comply with all lawful directives unless such compliance would be injurious to the health or safety of themselves or others;

   iv.   shall avoid impropriety and the appearance of impropriety in all activities;

   v.    shall cooperate fully with any internal investigation conducted by their employer;

   vi.   shall not engage in any form of discrimination, harassment, or retaliation against any person as prohibited by law or court policy;

   vii.   shall not engage in any form of violence, threat of violence, or disruptive conduct;

   viii.   shall not make intentionally false or misleading statements when performing their duties;

   ix.   shall not falsify, or improperly alter or destroy work-related documents or records;

   x.    shall not improperly use or destroy court property,

   xi.   shall not be impaired by alcohol, drugs, medications or other intoxicating substances while on duty;

   xii.   shall not give legal advice except as specifically authorized by their employer;

   xiii.   shall refer all requests for information from other government entities, the media, and/or the public to those individuals who have been formally designated to respond to such inquiries; and

   xiv   shall not illegally possess weapons or controlled substances in the workplace.

## VIII.   DUTY TO REPORT

A.   Employees of the Unified Judicial System shall report to their immediate supervisor any attempt by anyone to induce them to violate any provision of this Code of Conduct or any policy of the Unified Judicial System   Discrimination or retaliation against an employee based on a good faith report of wrongdoing or participation in an investigation, hearing or inquiry held by an appropriate authority is strictly prohibited

B.   Employees who are arrested, charged with, or convicted of a crime (other than summary traffic offenses that do not hinder or prevent the performance of their official duties) in any jurisdiction shall report this fact to their immediate supervisor at the earliest reasonable opportunity.

C.   Employees of the Unified Judicial System shall, upon request, be required to complete and file a personal statement of financial disclosure on a form to be provided by the AOPC for this purpose for any period during which they were employed by the Unified Judicial System.

## IX.   DESIGNATED SANCTIONS

Employees of the Unified Judicial System who fail to properly follow these standards of conduct will be subject to disciplinary action including the termination of their employment. The applicable disciplinary policies for state-level court employees are outlined in the Personnel Policies of the Unified Judicial System. The President Judge of each Judicial District is responsible for designating the applicable disciplinary policies for county-level court employees.

## X.   IMPLEMENTATION

The Court Administrator of Pennsylvania, acting on behalf of the Supreme Court of Pennsylvania, shall be responsible for the implementation of these guidelines for all state-level court employees.

The President Judge of each judicial district shall be responsible for the implementation of these guidelines for all county-level court employees covered by this Code of Conduct.

---

*State-level court employees having questions regarding this Code of Conduct should contact 1) their employing Justice or Judge, 2) their employing court's Executive Administrator, or 3) the AOPC Human Resources department at 717-231-3309 or Human.Resources@pacourts.us.*

*County-level court employees having questions regarding this Code of Conduct should contact their President Judge or District Court Administrator.*

*An electronic version of the Code of Conduct is available on the Unified Judicial System's website at www.pacourts.us.*

Published: 10/01/2010
Revised:  12/2014
Revised: 05/2016

# EXHIBIT B

Original Message

From: Mader, Amy <Amy.Mader@courts.phila.gov>
To: lawobrien <lawobrien@aol.com>
Sent: Mon, Jul 16, 2018 10:00 am
Subject: Neveil v City of Phila and First Judicial District

Good morning Mr. O'Brien,

Mr. Neveil may appeal his termination from employment by providing a written detailed explanation o
the reason for his appeal to the District Court Administrator, Joseph Evers at 236 City Hall, Philadelph
Pa 19107.  Mr. Evers will review the appeal information and determine if a hearing will be held.  If a
hearing is granted, a hearing officer will be assigned and a hearing will be scheduled.

If you have any additional questions, please feel free to contact me.

Thank you,
Amy


**Amy A. Mader**
*Executive Director of Human Resources*
First Judicial District of Pennsylvania
668 City Hall  Philadelphia, PA  19107
email: amy.mader@courts.phila.gov
http://courts.phila.gov
Ph  (215) 683-6949 / Fax (215) 683-6952

### DISCLAIMER

This message and any attachments may contain confidential or privileged information and are only for
use of the intended recipient of this message. If you are not the intended recipient, please notify the sel
by return email, and delete or destroy this and all copies of this message and all attachments. Any

# EXHIBIT C

**First Judicial District of Pennsylvania**

OFFICE OF THE DISTRICT COURT ADMINISTRATOR



JOSEPH H. EVERS
DISTRICT COURT ADMINISTRATOR

236 CITY HALL
PHILADELPHIA, PA 19107
(215) 686-2547 Fax- (215) 686-4220
Website courts.phila.gov
E-Mail joseph evers@courts phila gov

September 10, 2018

John J. O'Brien, III, Esquire
Obrien and O'Brien, LLP
Suite 201
257 Lancaster Ave
Wynnewood, PA 19096-1932

Re: William Neveil

Dear Mr. O'Brien:

I am in receipt of your correspondence dated July 9, 2018 and August 13, 2018 regarding your client William Neveil.

As you know, Mr. Neveil was terminated because of his involvement in partisan political activity which is specifically prohibited by the Supreme Court of Pennsylvania's Code of Conduct for Employees of the Unified Judicial System, which provides as follows:

### ORDER
### PER CURIAM

**AND NOW**, this 24th day of November, 1998, the prohibition against political activity by court-appointed employees is hereby reaffirmed, and the attached guidelines, as amended this date, are intended to clarify the policy which was previously approved by this Court. These guidelines, as amended, shall be effective immediately.
***

### GUIDELINES REGARDING POLITICAL
### ACTIVITY BY COURT-APPOINTED EMPLOYEES
### AS AMENDED THIS 24th DAY OF NOVEMBER 1998

1. Definitions.

(a) The term "partisan political activity" shall include, but is not limited to, running for public office, serving as a party committee-person, working at a polling place, performing volunteer work in a political campaign, soliciting contributions for political campaigns, and soliciting contributions for a political action committee or organization, but shall not include involvement in non-partisan or public community organizations or professional groups.



Letter to John O'Brien-Sept 10, 2018- 1

(b) The term "court-appointed employees" shall include, but is not limited to, all employees appointed to and who are employed in the court system, statewide and at the county level, employees of the Administrative Office of Pennsylvania Courts, Court Administrators and their employees and assistants, court clerks, secretaries, data processors, probation officers, and such other persons serving the judiciary.

2. Prohibition of Partisan Political Activity.
(a) Court-appointed employees shall not be involved in any form of partisan political activity
***

3. Termination of Employment.

... [h]enceforth, a court-appointed employee engaging in partisan political activity shall cease such partisan political activity at once or shall be terminated from his or her position. ...

4. President Judge.
The President Judge of each . . . county court of common pleas shall be responsible for the implementation of these guidelines ....

When Mr. Neviel was hired in 2016, during his orientation, it was specifically explained to him that no partisan political activity would be tolerated. Mr. Neviel signed the attached Acknowledgment, dated February 2, 2016, certifying that as a judicial employee, he had been informed that he could not engage in partisan politial activity. As you will note, the Acknowledgment specifically defines the term "partisan politial activity," as noted above, to specifically include "working at a polling place on Election Day."

Moreover, on April 24, 2018, President Judge Sheila Woods-Skipper sent an All-Court email to all court employees, attaching the Partisan Political Activity Order issued by the Supreme Court, to remind all employees regarding this prohibition, in light of the upcoming May 15, 2018 Election. See attached email and Policy.

Despite the above, Mr. Neveil worked at the Junod Recreation Center in Northeast Philadelphia on May 15, 2018 handing out information to voters as they entered the polling place. Finally, as you know, Mr. Neveil was hired as a confidential at-will employee by the Honorable Scott J. O'Keefe, a Court of Common Pleas Judge. Both President Judge Sheila Woods-Skipper and Judge O'Keefe directed, and were in agreement with, the termination of Mr. Neveil. Therefore, the May 18, 2018 termination, as referenced in the attached May 18, 2018 letter constitutes the final decision of the First Judicial District of Pennsylvania and will not be reconsidered.

Truly yours,

Joseph H. Evers
District Court Administrator

Cc:    Honorable Sheila Woods-Skipper, President Judge, First Judicial District of PA
       Honorable Scott J. O'Keefe, Court of Common Pleas √
       Dominic Rossi, Esquire, Deputy Court Administrator, Legal Services
       Amy Mader, Executive Director of Human Resources
       Martha Fisher, Human Resources Attorney



# First Judicial District of Pennsylvania
Office of Human Resources
668 City Hall
Philadelphia, PA 19107
(215) 683-6950
Fax (215) 683-6952
E-Mail:HR@COURTS.PHILA.GOV

Joseph H. Evers
District Court Administrator

Amy A. Nader
Executive Director

## PROHIBITION ON PARTISAN POLITICAL ACTIVITY

(a)  By Order of the Supreme Court of Pennsylvania, District Employees shall not be involved in any form of Political Activity.

(b)  The term "partisan political activity" shall include, but is not limited to, running for public office, serving as a party committee-person, working at a polling place on Election Day, campaigns, and soliciting contributions for a political action committee or organization, but shall not include involvement in non-partisan or public community organization or professional groups.

### Termination of Employment

A District employee engaging in partisan political activity must cease partisan political activity at once or will be terminated from his or her position. In the event an employee chooses to become a candidate for any office, such employee will be terminated, effective the close of business on the first day of circulating petitions for office.

I, _William Nevel_, HEREBY CERTIFY THAT I HAVE BEEN ADVISED BY THE HUMAN RESOURCES DEPARTMENT ABOUT THE ABOVE MENTIONED "PROHIBITION OF PARTISAN POLITICAL ACTIVITY."

_____
Employee Signature

02/02/2016
Date

Nevel, William          EPA-05

*266833EPA-05160219135442*          user: EMD

**Evers, Joseph**

| | |
|---|---|
| **From:** | Hardy, Lynda |
| **Sent:** | Tuesday, April 24, 2018 12:59 PM |
| **To:** | All Court |
| **Subject:** | PARTISAN POLITICAL ACTIVITY |
| **Attachments:** | PARTISAN POLITICAL ACTIVITY.docx |

Good Afternoon,

This message is sent on behalf of President Judge Sheila Woods-Skipper

As a reminder, in anticipation of the upcoming election, please be reminded of the attached information.

Thank you.

Lynda D. Hardy

Court Administrative Officer

Honorable Sheila Woods-Skipper

President Judge, Court of Common Pleas

Chair, Administrative Governing Board

Room 386, City Hall

215-686-8334 (Office)

215-567-7328 (Fax)

1

## I. PARTISAN POLITICAL ACTIVITY

Employees of the Unified Judicial System shall comply with the prohibition against political activity as set forth in guidelines issued by the Supreme Court of Pennsylvania in its Order dated November 24, 1998 as follows:

### IN THE SUPREME COURT OF PENNSYLVANIA

IN RE: : No. 201 Judicial Administration
PROHIBITED POLITICAL : Docket No. 1
ACTIVITY BY COURT- :
APPOINTED EMPLOYEES :

### ORDER

**PER CURIAM**

**AND NOW,** this 24th day of November, 1998, the prohibition against political activity by court-appointed employees is hereby reaffirmed, and the attached guidelines, as amended this date, are intended to clarify the policy which was previously approved by this Court. These guidelines, as amended, shall be effective immediately.

Mr. Justice Castille files a dissenting statement which is joined by Mr. Justice Nigro and Madame Justice Newman.

**Note:**
**New material is bolded.** Bracketed material is deleted.

### GUIDELINES REGARDING POLITICAL ACTIVITY BY COURT-APPOINTED EMPLOYEES **AS AMENDED THIS 24th DAY OF NOVEMBER 1998**

1. Definitions.

   (a) The term "partisan political activity" shall include, but is not limited to, running for public office, serving as a party committee-person, working at a polling place on Election Day, performing volunteer work in a political campaign, soliciting contributions for political campaigns, and soliciting contributions for a political action committee or organization, but shall not include involvement in non-partisan or public community organizations or professional groups.

   (b) The term "court-appointed employees" shall include, but is not limited to, all employees appointed to and who are employed in the court system, statewide and at the county level, employees of the Administrative Office of Pennsylvania Courts, Court Administrators and their employees and assistants, court clerks, secretaries, data processors, probation officers, and such other persons serving the judiciary.

2. Prohibition of Partisan Political Activity.

   (a) Court-appointed employees shall not be involved in any form of partisan political activity.

(b) This prohibition shall not apply to court-appointed employees who are duly sworn Court-appointed full-time masters and members of Board of Viewers, who are attorneys in good standing admitted to the practice of law in this Commonwealth, who may become candidates for higher judicial office. Said employees shall, during such candidacy, be subject to the provisions of the Code of Judicial Conduct and, particularly, Canon 7, which governs judicial campaigns.

3. Termination of Employment.

Except as provided in paragraph 2(b), above, Henceforth, a court-appointed employee engaging in partisan political activity shall cease such partisan political activity at once or shall be terminated from his or her position. In the event an employee chooses to become a candidate for any office, such employee shall be terminated, effective the close of business on the first day of circulating petitions for said office.

4 President Judge.

The President Judge of each appellate court or county court of common pleas shall be responsible for the implementation of these guidelines and shall be subject to the review of the Judicial Inquiry and Review Board[1] for failure to enforce.

## DISSENTING STATEMENT

**MR. JUSTICE CASTILLE**

I respectfully dissent to this amendment to the Guidelines regarding political activity by Court-appointed employees. I believe that allowing court-appointed employees to participate in elective partisan political activity presents, at a minimum, the appearance of impropriety. By not requiring court-appointed employees to resign their respective positions in order to campaign on a partisan basis, this amendment gives rise to the inescapable conclusion that the judicial system itself is involved in partisan electoral politics, thereby raising an appearance of bias. I believe that the better practice is to require the resignation of any court-appointed employee who wishes to seek elective office, as the Guidelines presently require.

Mr. Justice Nigro and Madame Justice Newman join in this dissenting statement.

*Note. The guidelines (also found at 204 Pa. Code § 29.471 et seq. and on www.pacourts.us) prohibit various forms of "partisan political activity" by "court appointed employees." Enforcement of the guidelines rests with the president judges of each appellate and common pleas court. Since the promulgation of these guidelines in 1987, the AOPC, upon request and consistent with the Rules of Judicial Administration, has provided non-binding advice regarding the applicability of the guidelines to specific fact situations. The AOPC's goal has been to provide consistency in interpretation. However, only the Pennsylvania Supreme Court can speak authoritatively on the scope of the guidelines.*

---

[1] Now, the Judicial Conduct Board and Court of Judicial Discipline, as established by Article V, Section 18 of the Pennsylvania Constitution

# EXHIBIT D

**IN THE SUPREME COURT OF PENNSYLVANIA**

IN RE                                                    NO. 500
                                                          :
PROHIBITED POLITICAL ACTIVITY BY    ·    JUDICIAL ADMINISTRATION
COURT-APPOINTED EMPLOYEES            :    DOCKET

**ORDER**

**PER CURIAM**

    **AND NOW**, this 8th day of August, 2018, the Court hereby vacates the Order dated November 24, 1998, No. 201 Judicial Administration Docket No 1, regarding the prohibition against political activity by court-appointed employees. The Administrative Office of Pennsylvania Courts is directed to include revised guidelines as approved by the Court in the *Code of Conduct for Employees of the Unified Judicial System*.

    It is Ordered pursuant to Article V, Section 10 of the Constitution of Pennsylvania that:

    This Order shall be processed in accordance with Pa.R.J.A. No. 103(b), and shall be effective September 17, 2018

A True Copy Patricia Nicola
As Of 08/08/2018

Attest: _Patricia Nicola_
Chief Clerk
Supreme Court of Pennsylvania



*Supreme Court of Pennsylvania*

## Code of Conduct For Employees of the Unified Judicial System

## I.   INTRODUCTION

A fair and independent court system is essential to the administration of justice.   Proper conduct by employees of the Unified Judicial System of Pennsylvania (UJS) inspires public confidence and trust in the courts, and conveys the values of impartiality and fairness that promote the integrity of the work of the Unified Judicial System.

An employee of the Unified Judicial System shall observe high standards of conduct so that the integrity and independence of the judiciary are preserved and the employee's conduct reflects a commitment to serving the public.   The provisions of this Code shall be applied to further these objectives.

Employees of the Unified Judicial System shall observe the following standards of conduct. However, the standards of this Code shall not affect or preclude other more stringent standards required by law, by court order or rule, or other workplace policies.

## II.   SCOPE

For the purposes of this Code, the term "Employees of the Unified Judicial System" includes 1) all state-level court employees, 2) all county-level court employees who are under the supervision and authority of the President Judge of a Judicial District of Pennsylvania, unless otherwise indicated by Supreme Court order or rule and, 3) all employees of boards established by Order of the Supreme Court of Pennsylvania, including, but not limited to, the following - Continuing Legal Education Board, Disciplinary Board of the Supreme Court of Pennsylvania, Interest on Lawyers Trust Account Board, Pennsylvania Lawyers Fund for Client Security Board and Pennsylvania Board of Law Examiners.

*Note  Judges and magisterial district judges are covered by the Code of Judicial Conduct and the Rules Governing Standards of Conduct of Magisterial District Judges, respectively, and therefore are not included in the scope of this Code.*

## III.   CONFIDENTIALITY

A.   Employees of the Unified Judicial System shall safeguard confidential information acquired in the course of their employment.   Employees shall not disclose or use confidential information for any purpose not connected with the performance of their official duties.

For the purpose of this section, "confidential information" is that required to be kept confidential pursuant to federal law, state law, court rule, court order, administrative regulation, policy or directive.   Confidential information includes, but is not limited to: data, source code, notes, papers, memoranda, discussions, deliberations, proprietary information and electronic communications, such as e-mail or facsimile.

**B.**   The work product of former employees of the Unified Judicial System shall remain confidential. Upon termination from employment, employees may, with the permission of their supervisor, take with them copies of written material in which they participated as a part of a personal file, but shall not release such writings to any other party without the written consent of the court or other court-related entity that the employee served. "Work product" does not include documents that are published or filed of public record.

## IV.   CONFLICTS OF INTEREST AND RELATED PROHIBITIONS

**A.**   **Acceptance of Gifts and/or Use of Position for Personal Gain.**  Employees of the Unified Judicial System shall not solicit, accept or agree to accept anything of value from any person or entity doing or seeking to do business with, or having an interest in a matter before, the court or court-related entity by which they are employed, subject to the following exceptions:

   i.   acceptance of a gift from a family member when the circumstances make it clear that the purpose is personal;

   *Note: "Family member" is defined as spouse, child, brother, sister, parent, grandparent, grandchild, father-in-law, mother-in-law, sister-in-law, brother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepson, stepdaughter, uncle, aunt, niece, nephew and first cousin.*

   ii.   acceptance of meals or refreshments of nominal value in the ordinary course of a meeting, conference or other official business;

   iii.   acceptance of loans from banks or other financial institutions on similar terms offered to the public for purposes such as a home mortgage;

   iv.   acceptance of gifts of nominal value for special occasions such as marriage, illness or retirement;

   v.   acceptance of a plaque or other item offered as a token of appreciation for a public appearance,

   vi.   acceptance of educational materials directly related to the employee's duties, and

   vii.   acceptance of unsolicited advertising or promotional material of nominal value, such as pens, pencils, note pads, calendars and items of apparel with vendor logo.

   *Note: Employees must exercise diligence in observing high standards of conduct that promote the integrity and impartiality of the Unified Judicial System. If it might reasonably be inferred that the donor's primary purpose in providing the unsolicited advertising or promotional material is to influence an employee in the performance of official duties, acceptance of the unsolicited material should be declined*

Employees shall report any prohibited offer or gift from any person or entity doing or seeking to do business with, or having an interest in a matter before, the court or court-related entity by which they are employed to their designated supervisor.

**B.**   **Acceptance of Additional Compensation.**  Employees of the Unified Judicial System are appropriately compensated for the performance of their duties and shall not solicit or accept any additional compensation or anything of value from any other source for performing the duties and responsibilities of their position.

Employees shall not accept honoraria or fees given for speaking in their official capacity, but may be reimbursed for related travel expenses. Employees may accept such fees for speaking engagements for appearances unrelated to their employment and made on their own time.

C.    **Special Treatment and/or Special Favors.**  Employees of the Unified Judicial System shall not permit family, social, or other relationships to influence their official conduct or judgment, or to create the appearance of influencing their official conduct. Employees shall inform their supervisor of any situation creating undue influence or the appearance of undue influence.

D.    **Employment Practices.**  Employees of the Unified Judicial System shall make all hiring, employment, and supervisory decisions in compliance with the Unified Judicial System of Pennsylvania Policy on Non-Discrimination and Equal Employment Opportunity, the Rules of Judicial Administration, and all applicable state and federal laws.    Employees of the Unified Judicial System shall avoid favoritism, or the appearance of favoritism, when making hiring, employment, and supervisory decisions and shall make such decisions impartially and on the basis of merit.

*Note· Reflecting the values of impartiality and fairness that promote the integrity of Pennsylvania's courts, it is the policy of the Unified Judicial System to recruit and employ the most qualified job applicants through an open and competitive hiring process which allows for a full, complete, and unbiased assessment of each applicant's relative knowledge, experience, skills, and abilities.*

E.    **Misuse of Employment Position, Equipment, or Supplies.**  Employees of the Unified Judicial System shall not use the resources, employees, property, facilities, equipment, time, or funds under their control to improperly benefit themselves or any other person.

F.    **Personal and Financial Interests.**  Employees of the Unified Judicial System shall not participate in any court- or work-related matter wherein they have more than a minimal personal or financial interest.

G.    **Duty·to Disclose.**   If a conflict of interest should arise, the employee shall immediately advise his or her supervisor. If the supervisor determines that a conflict of interest exists, then the employee shall abide by any employment restrictions that are deemed to be necessary.

## V.    POLITICAL ACTIVITY

Employees of the Unified Judicial System shall not engage in political activity that is inconsistent with the independence, integrity, or impartiality of the Judiciary. The Supreme Court of Pennsylvania has defined prohibited and permitted activities as follows·

A.    **Running for or Being Appointed to Publicly Elected Office.**  Employees of the Unified Judicial System shall not become candidates, or campaign for, any publicly elected office. In the event an employee chooses to become a candidate for, or is appointed to, a publicly elected office, he or she must resign from his or her position at the close of business on which the employee:

   i.      Publicly announces his or her candidacy,

   ii. ·    Forms or authorizes the formation of a campaign committee;

  iii. Solicits funds for a campaign;

  iv. Begins to circulate nomination petitions or nominating papers;

  v. Takes an oath of office; or

  vi. Takes any other public actions that could be construed as an effort to run for publicly elected office.

Job applicants who hold elected public or party office at the time they are seeking to become employees of the Unified Judicial System must resign from such office effective as of the day before their first day of judiciary employment.

*Note  In accordance with Sections VI A  and VI E , job applicants also may be required to resign from certain non-elected positions effective as of the day before their first day of judiciary employment if continuing in the position would detract from the impartiality of the judiciary or interfere with the performance of their official duties.*

**B.** **Supporting a Political Organization or Candidate Running for Publicly Elected Office.**  Employees of the Unified Judicial System shall not engage in the following activities in support of, or in opposition to, a political organization or candidate running for publicly elected office.  For purposes of this section, "political organization" is defined as a political party or group sponsored by or affiliated with a political party or candidate, the principal purpose of which is to further the election or appointment of candidates for publicly elected office.

  i. Serving, or agreeing to be considered to serve, as a committee person or officer of a political organization;

  ii. Working at a polling place in support of, or in opposition to, a candidate for publicly elected office on Election Day;

  iii. Working in a non-partisan role as an officer of a local election board (*see Pa. Const. art VII, § 12*) or in any capacity to assist local elections officers (*see 25 P.S. § 2674*) at a polling place or any other location;

  iv. Directly or indirectly soliciting, receiving, collecting, handling, disbursing, or accounting for contributions or other funds for a political organization or candidate running for publicly elected office;

  v. Contributing anything of value to a political organization or candidate running for publicly elected office,

  vi. Organizing, selling tickets to, promoting or actively participating in any fundraising activities for a political organization or candidate running for publicly elected office;

  vii. Managing a political campaign of a candidate running for publicly elected office;

  viii. Performing volunteer work in a political campaign for a candidate running for publicly elected office;

  ix. Soliciting votes in support of, or in opposition to, a candidate running for publicly elected office,

  x. Publicly endorsing or opposing a candidate running for publicly elected office or showing demonstrable support for, or opposition to, a candidate (examples include, but are not limited to, wearing buttons or hats, carrying signs or banners, or utilizing social media in a manner that clearly and distinctly indicates the employee's intention to publicly endorse or oppose a candidate);

xi.     Placing signs on his or her property or displaying bumper stickers on his or her vehicle endorsing or opposing a candidate running for publicly elected office, except that a joint homeowner or member of the employee's household may do so;

xii.    Initiating or circulating nomination petitions or nominating papers; or

xiii.   Attending paid political events where the event's nature is inherently political and proceeds would fund political activities.

C.   **Permitted Political Activities.**  Employees of the Unified Judicial System may take part in the following activities related to political campaigns and processes, provided they do not identify themselves as employees of the Unified Judicial System.

i.      Signing a nominating petition or nominating paper outside of the workplace;

ii.     Appearing in campaign materials with a member of the employee's family (defined as the spouse, child, grandchild, parent, grandparent, or other relative or person with whom the employee maintains a close familial relationship) who is running for publicly elected office;

iii.    Attending a free, campaign-sponsored event or a free victory celebration that is open to the public, but employees may not demonstrate support for, or opposition to, a candidate running for publicly elected office (such as wearing buttons or hats) while attending the event;

iv.     Supporting or opposing a ballot question not specifically identified with a particular political organization or candidate running for publicly elected office, such as a referendum or constitutional amendment;

*Note Employees are cautioned against publicly supporting or opposing a ballot question that directly impacts the judiciary so that their personal opinion is not construed as representing the official position of the employee or the UJS (see Section VI C ).*

v.      Registering to vote and voting in any election.

D.   **Responsibility for Addressing Political Activity Issues:** The Chief Justice of the Supreme Court or his/her designee, the President Judge of each appellate court and judicial district, and the Court Administrator of Pennsylvania are responsible for interpretation and enforcement of these political activity policies for the UJS employees falling under their supervision and authority.  To maintain consistency of application, the AOPC is responsible for providing guidance to these individuals, or their designees, regarding the political activity policies in this section.

## VI.   PERSONAL RELATIONSHIPS AND ACTIVITIES

A.   Employees of the Unified Judicial System may participate in civic and charitable activities that do not detract from the impartiality of the judiciary or interfere with the performance of their official duties or the functioning of the workplace.  Employees may serve as officers, directors, trustees, or non-legal advisors of educational, religious, charitable, fraternal, social or civic organizations, and may solicit funds for any such organization, subject to the limitation that the name and prestige of the court shall not be used in the solicitation of funds and funds are not knowingly solicited from parties or attorneys who are likely to come before the court by which they are employed.

**B.**    Employees of the Unified Judicial System may write, lecture, teach, and speak on legal or non-legal subjects provided that such activities do not detract from the impartiality of the judiciary and/or interfere with the performance of their official duties.

**C.**    Employees of the Unified Judicial System shall not state personal opinions, except to other UJS employees, regarding any legal or administrative matter that is pending before any UJS court or entity when the personal opinion of the employee may reasonably be construed as representing the official position of the employee or the official position of a UJS court, jurist, entity or another employee.

*Note· Rule 2.10 of the Code of Judicial Conduct provides in part, as follows  Rule 2.10   Judicial Statements on Pending and Impending Cases.   (A) A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing. (B) A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office   (C) A judge shall require court staff, court officials, and others subject to the judge's direction and control to refrain from making statements that the judge would be prohibited from making by paragraphs (A) and (B).   See also Rule 2.10 of the Rules Governing Standards of Conduct of Magisterial District Judges.*

**D.**    Employees of the Unified Judicial System shall not require, request or accept the offer of any subordinate to perform tasks of a personal nature.

**E.**    Employees of the Unified Judicial System shall not engage in financial or business dealings or in any other personal activities that may detract from the impartiality of the judiciary, may otherwise interfere with the performance of their official duties, or may exploit the employee's official position.

**F.**    Employees of the Unified Judicial System may engage in outside employment or commercial activity that does not interfere or conflict with their official duties. Outside employment or commercial activities must be reported in writing in advance to the employee's supervisor. Business transactions that are strictly personal, minor or incidental need not be reported.

Before engaging in any outside employment that involves the practice of law, the legal system or the administration of justice, the employee shall first consult with his or her supervisor to determine whether the proposed position is consistent with the standards in this Code.

This requirement does not extend to official representation of the UJS and its constituent· parts, judicial officers and employees in any state or federal court or tribunal.   Nor does this requirement extend to the limited representation of the employee's relatives or self, but such·limited representation is subject to prior approval by the employee's supervisor and to the disclosure of UJS employment to the parties and the court in which the employee enters an appearance or represents him/herself in a matter.

*Note· The Supreme Court has adopted several specific policies respecting the practice of law, other than on behalf of the UJS   (1) Pennsylvania Rule of Appellate Procedure 3121 prohibits the practice of law by appellate court staff except in limited circumstances   (2) Pursuant to the Supreme Court's Per Curiam Order dated December 11, 2014 (effective September 11, 2015), law clerks employed in the Unified Judicial System are prohibited from appearing as counsel in the division/section of the court in which they are employed or in which the judge by whom they are employed serves  Further, in courts which have no formally established divisions or*

*sections, law clerks are prohibited from appearing as counsel in the court itself   (3) Pursuant to the Supreme Court's Per Curiam Order dated December 29, 2015 (effective January 1, 2017), an attorney employed in the Unified Judicial System is prohibited from appearing as counsel (except in a pro se capacity) in the division/section of the court in which the attorney is employed. Further, in courts that have no formally established divisions or sections, or for an attorney who is not employed within a division or section, the attorney is prohibited (except as to pro se matters) from appearing as counsel in the court itself.*

## VII.   GENERAL STANDARDS OF CONDUCT

A.   Employees of the Unified Judicial System shall conduct themselves in an appropriate and lawful manner at all times and shall adhere to all UJS policies including, but not limited to, the standards of conduct outlined in Section VII.B below.

B.   Employees of the Unified Judicial System:

i.   shall treat all persons respectfully and impartially;

ii.   shall work diligently at all times;

iii.   shall comply with all lawful directives unless such compliance would be injurious to the health or safety of themselves or others;

iv.   shall avoid impropriety and the appearance of impropriety in all activities;

v.   shall cooperate fully with any internal investigation conducted by their employer;

vi.   shall not engage in any form of discrimination, harassment, or retaliation against any person as prohibited by law or court policy;

vii.   shall not engage in any form of violence, threat of violence, or disruptive conduct;

viii.   shall not make intentionally false or misleading statements when performing their duties;

ix.   shall not falsify, or improperly alter or destroy work-related documents or records;

x.   shall not improperly use or destroy court property;

xi.   shall not be impaired by alcohol, drugs, medications or other intoxicating substances while on duty;

xii.   shall not give legal advice except as specifically authorized by their employer;

xiii.   shall refer all requests for information from other government entities, the media, and/or the public to those individuals who have been formally designated to respond to such inquiries; and

xiv.   shall not illegally possess weapons or controlled substances in the workplace.

## VIII.   DUTY TO REPORT

A.   Employees of the Unified Judicial System shall report to their immediate supervisor any attempt by anyone to induce them to violate any provision of this Code of Conduct or any policy of the Unified Judicial System.  Discrimination or retaliation against an employee based on a good faith report of wrongdoing or participation in an investigation, hearing or inquiry held by an appropriate authority is strictly prohibited.

B.   Employees who are arrested, charged with, or convicted of a crime (other than summary traffic offenses that do not hinder or prevent the performance of their official duties) in any jurisdiction shall report this fact to their immediate supervisor at the earliest reasonable opportunity.

C.   Employees of the Unified Judicial System shall, upon request, be required to complete and file a personal statement of financial disclosure on a form to be provided by the AOPC for this purpose for any period during which they were employed by the Unified Judicial System.

## IX.   DESIGNATED SANCTIONS

Employees of the Unified Judicial System who fail to properly follow these standards of conduct will be subject to disciplinary action including the termination of their employment. The applicable disciplinary policies for state-level court employees are outlined in the Personnel Policies of the Unified Judicial System.  The President Judge of each Judicial District is responsible for designating the applicable disciplinary policies for county-level court employees.   Counsel to the Supreme Court, acting on behalf of the Supreme Court is responsible for designating the applicable disciplinary policies for employees of boards established by Order of the Supreme Court of Pennsylvania

## X.   DISSEMINATION AND IMPLEMENTATION

The Court Administrator of Pennsylvania, acting on behalf of the Supreme Court of Pennsylvania, shall be responsible for the dissemination and implementation of these guidelines for all state-level court employees.

The President Judge of each judicial district shall be responsible for the dissemination and implementation of these guidelines for all county-level court employees covered by this Code of Conduct.

Counsel to the Supreme Court, acting on behalf of the Supreme Court, shall be responsible for the dissemination and implementation of these guidelines for all employees of boards established by Order of the Supreme Court of Pennsylvania.

---

*State-level court employees having questions regarding this Code of Conduct should contact 1) their employing Justice or Judge, 2) their employing court's Executive Administrator, or 3) AOPC Human Resources at 717-231-3309 or Human.Resources@pacourts.us.*

*County-level court employees having questions regarding this Code of Conduct should contact their President Judge or District Court Administrator.*

*Employees of boards established by Order of the Supreme Court of Pennsylvania having questions regarding this Code of Conduct should contact Counsel to the Supreme Court.*

*An electronic version of the Code of Conduct is available on the Unified Judicial System's website at www.pacourts.us.*

Published  10/01/2010
Revised  12/2014
Revised  05/2016
Revised  09/2018